## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS –
## HOUSTON DIVISION

| | |
|---|---|
| **CHRISTINA JOHNSON,**<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**LORD & TONA LLC, d/b/a USA MOBILE DRUG TESTING OF HOUSTON,**<br><br>     **Defendant.** | **CIVIL ACTION NO. 4:16-cv-03034**<br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Christina Johnson ("Johnson" or "Plaintiff"), by and through her attorney of record, hereby complains of Lord & Tona LLC, d/b/a USA Mobile Drug Testing of Houston ("USA Mobile" or "Defendant"), and would respectfully show this Honorable Court the following:

### 1.     INTRODUCTION

1.1. This is a sexual harassment/hostile work environment gender discrimination and retaliation suit arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII" or the "Act").

1.2. Plaintiff also brings claims for unpaid overtime and minimum wage compensation under the Fair Labor Standards Act ("FLSA").

1.3. Plaintiff demands a JURY TRIAL.

1.4. This action seeks equitable relief, actual damages, compensatory damages, punitive damages, consequential damages, pecuniary damages, liquidated damages, expert witness fees, court costs, attorney's fees, and pre-judgment and post-judgment interest.

## 2. PARTIES

2.1. Plaintiff, Christina Johnson, is a resident of Harris County, Texas. At all times material hereto, Plaintiff was an "employee" as that term is defined at law.

2.2. Defendant Lord & Tona LLC d/b/a USA Mobile Drug Testing of Houston is an employer as defined by applicable law. Defendant may be served with process by serving its registered agent for service of process, Tone Trondsen, at the following address: 1015 S Ripple Creek, Unit 48, Houston, Texas 77057.

## 3. VENUE & JURISDICTION

3.1. Venue is proper in this District because Defendant's acts and omissions that give rise to Plaintiff's discrimination and retaliation claims were committed in whole or in substantial part in Harris County, Texas, in the Southern District of Texas.

3.2. This Court has jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000(e), *et seq.*, and 29 U.S.C. § 201, *et seq.*

## 4. FACTS

4.1. Johnson began working for USA Mobile in September 2014 in the position of Medical Assistant.

4.2. In Spring 2015, USA Mobile hired Tony Ononye, ("Ononye"), Nurse Practitioner. As Medical Assistant, Johnson was assigned to work with and assist Ononye.

4.3. In Johnson's initial conversation with Ononye, Ononye asked Johnson if she was married, if she was happily married, and if she had cheated on her husband. Once Johnson started working with Ononye, Ononye repeatedly grabbed her around her waist with his arm, pulling her against him; by her shoulders; and with both hands around her

neck. Ononye continued to discuss sex and make unwanted sexual comments to Johnson. Johnson demanded, to no avail, that Ononye stop his disgusting behavior.

4.4. In May 2015, Johnson reported Ononye's sexual harassment of her to Human Resources representative Diana Vergara, and to Tone Trondsen, Owner and CEO of USA Mobile. When Johnson first reported the sexual harassment to Trondsen, Trondsen accused Johnson of "slandering Ononye's name." Trondsen took no action to correct Ononye's behavior and Trondsen failed to discipline him. Instead, in June 2015, Trondsen forced Johnson into an off-site collector position, an effective demotion.

4.5. While Johnson was working off site, her interactions with Ononye were limited. However, when it became clear that the off-site collector job duties were exacerbating her disability, Johnson requested and was moved back into her on-site Medical Assistant position. Thereafter, Johnson was required to work with Ononye, whereupon his harassment of her resumed.

4.6. Ononye continued to make harassing sexual remarks and physically grab Johnson around the waist, shoulders and neck. Ononye informed Johnson and receptionist Jennifer Silva about how he liked to go on "booty calls." In September or October 2015, Ononye commented to Johnson regarding a patient who had reported having had rough sex: "She knows how to turn me on." Ononye then forced Johnson to listen to his prolonged, medically unnecessary, and completely inappropriate questioning of the patient regarding the patient's sex life. In November 2015, Ononye assaulted Johnson by placing his hands on her breasts and pushed her.

4.7. Johnson repeatedly complained about Ononye's sexual harassment of her to Trondsen and to Vergara, in the hope that something would be done to remedy the harassment from

occurring and prevent harm to her. However, as before, Trondsen and USA Mobile did nothing. In mid-November 2015, Johnson began stopping by Trondsen's office every day to ask Trondsen if she had spoken to Ononye, and asking for a solution. Trondsen finally admitted to Johnson that Ononye's behavior was unacceptable, and stated that she (Trondsen) needed to "put on her big girl pants," speak with Ononye, and get him to stop. At the same time, Trondsen appeared reluctant to address the issue and repeatedly told Johnson that Ononye was "making money for the company" and that she was concerned that "it would hurt business if [Ononye] decided to quit."

4.8. On November 23, 2015, Johnson begged Trondsen to deal with the abuse she was suffering. Trondsen's reply was again that it would hurt business if Ononye got mad and decided to quit. Trondsen admitted that even after Johnson's repeated requests to Trondsen to do something and speak to Ononye to end Ononye's harassment of her, Trondsen still had not spoken to Ononye. Trondsen finally admitted that she was not going to speak to Ononye or do anything, and that if Johnson was not okay with that, then she needed to find employment somewhere else. Trondsen then told Johnson she needed Johnson's key card and mobile kit and terminated Johnson.

4.9. USA Mobile subjected Johnson to sexual harassment and then unlawfully terminated her in retaliation for reporting sexual harassment, in violation of Title VII's gender discrimination and anti-retaliation provisions. As a result, Johnson has suffered severe damages, including lost wages in the past and future, compensatory damages, including emotional damages, in the past and future, and attorney's fees and expenses.

4.10. In addition to the above, Johnson is owed overtime and minimum wage compensation under the Fair Labor Standards Act.

4

4.11. At all relevant times, Defendant has been and continues to be an employer within the meaning of the FLSA. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1). Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

4.12. USA Mobile attempted to circumvent the overtime pay rules of the Fair Labor Standards Act via an illegal hour-shifting practice that affected Johnson as well as other similarly situated employees. Instead of paying Johnson and other employees for all hours worked in a workweek, USA Mobile required Johnson and other employees to "save" hours worked over 40 in a week. USA Mobile then paid Johnson and other employees straight time for the hours over 40 at a later date, in violation of the FLSA.

4.13. In addition, Johnson and other employees were required to work unpaid off-the-clock hours on many callouts and when shipping out specimens. Johnson and other employees were required to show up to callouts and to ship out specimens as requested. However, on several occasions, USA Mobile refused to pay Johnson and other employees for callouts and for other time that they had worked as requested.

5. CAUSES OF ACTION: GENDER DISCRIMINATION, SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT, RETALIATION

5.1. Defendant's actions set forth above, as well as other facts that will be developed through discovery, violate Title VII. Plaintiff was subjected to a sexually harassing hostile work environment and was terminated in retaliation for reporting sexual harassment.

5.2. The harassment to which Plaintiff was subjected was sufficiently severe and/or pervasive to have affected a term or condition of her employment. Plaintiff's reports were made in good faith.

5.3. Plaintiff has exhausted all administrative prerequisites to the filing of this suit.

5.4. Plaintiff has suffered damages as a result of the sexual harassment and retaliation and seeks all relief allowed by law.

## 6. CAUSES OF ACTION: FAIR LABOR STANDARDS ACT

6.1. By failing to pay Plaintiff for all hours worked and for overtime at one-and-one-half times her regular rate, Defendant violated the FLSA's overtime and minimum wage provisions. 29 U.S.C. §§ 206, 207.

6.2. None of the exemptions provided by the FLSA regulating the duty of employers to pay minimum wage and to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiff.

6.3. Defendant owes Plaintiff overtime at one-and-one-half times her regular rate for all hours worked in excess of forty (40) hours in a workweek, and minimum wage for unpaid hours in weeks where Plaintiff worked less than forty hours and was not compensated for all hours worked.

6.4. Plaintiff is also entitled to liquidated damages in an amount equal to her unpaid wages.

6.5. Plaintiff is also entitled to recover her reasonable attorneys' fees and costs incurred in this action.

## 7. JURY DEMAND

7.1. Plaintiff hereby requests a jury trial in this cause, and has paid the required jury fee.

8. <u>PRAYER</u>

8.1. Plaintiff respectfully prays for the following relief:

   i. Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein, including actual damages, special damages, compensatory damages, lost wages, emotional damages, punitive damages, liquidated damages, lost benefits, pre-judgment and post-judgment interest, and any other damages as allowed by law;

   ii. Attorney's fees, costs, and expenses, as permitted by law;

   iii. Order Defendant to inform all employees of their rights under Title VII by placing a sign in prominent locations throughout the workplace;

   iv. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

*/s/ Todd Slobin*_____
Todd Slobin
State Bar No. 24002953
tslobin@eeoc.net
Dorian Vandenberg-Rodes
State Bar No. 24088573
drodes@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFF